Mr. Justice Clayton
delivered the opinion of the Court.
This was an action of assumpsit brought upon two promissory notes, amounting to nearly $4000, executed to the Planters Bank, by several of the defendants. The only question is, as to the liability of John Cameron, who putin a plea of special non assumpsit, under oath. His name was signed to the notes by Eli Montgomery, under a power of attorney, and the extent of authority conferred by the power, is the single point in issue. To the proper understanding of the case, it will be necessary to set out most of the letter of attorney. It was the joint power of John Montgomery and John Cameron to Eli Montgomery, and made him their attorney “ to transact the following concerns in and with the Planters Bank of the State of Mississippi, viz. to sell and transfer any stock standing, or which may hereafter stand in our name on the books of said institution ; to receive and sign receipts for all dividends now due, or which may grow due on said stock. To deposit money in the said institution, and draw checks in our name. To lodge promissory notes, bills of exchange, and other obligations for collection, and to withdraw the same at discretion. To borrow money, and to contract with said institution in our name, whether on promissory notes, bills of exchange or obligations drawn in our favor, or drawn in favor of any other person or persons, without limit as to amount; and to receive and acknowledge notices of protest of all or any bills of exchange, drafts or promissory notes, and to do or perform all such other acts as may be necessary in transacting our business with said institution : finally, empowering the institution as aforesaid to receive said attorney’s signature for us on all bills of exchange or drafts, as drawer, indorser or acceptor, and on all promissory notes, or other obligations, as maker or indorser.”
The jury found a special verdict in the case, and stated that the two notes were discounted for the benefit of Montgomery & Mitch *613 ell, and that Cameron and John Montgomery were only securities, which fact was known to the plaintiffs, and the discounting of the notes was not known to said Cameron.
In the case of a special agent, “ who is one constituted for a particular purpose, and under a limited authority, his principal is not bound, if he exceed that authority.” “ The acts of a general agent, or one whom a man puts in his place to transact all of his business of a particular kind, or at a particular place, will bind his principal, so long as he keeps within the general scope of his authority, though he may act contrary to his private instructions.” 2 Kent, 620.
The agency in this case was of the latter description. The power of attorney is very broad and comprehensive in its terms, but must still be subject to the limitation, that the act performed under it should have reference to the purpose for which the power was given. When we look to its scope and object, we find that it was to give the agent unlimited authority in transacting the business of the grantors of the power with the bank. For every purpose connected with their own business with the bank, it is fair to hold that the attorney had the most ample and unrestricted power to bind them. Every act of the agent tending to that object, and having that end in view, we should hold to be obligatory upon them. But the power to sign their .name as sureties to a note, to be discounted for another person, is not expressly given, neither was it necessary to carry into effect any power which was granted. This principle is well illustrated by the law of partnership. Each party is the general agent of the firm in regard to matters falling within the scope and purpose for which the partnership was formed. Within such limit the act of one is the act of all. Yet no one partner can bind the firm by the guaranty of the debt of a third person, or by giving the copartnership name as surety, without the authority or consent of the firm. 3 Kent, 46, 47.
The knowledge of the bank that the money was not for Montgomery or Cameron, and that their names were, used as sureties, without their consent, is not an immaterial circumstance.
Upon the whole case, the judgment rendered on the special verdict in favor of the defendants in error, is in our view correct, and it is therefore affirmed.